IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PETER JOHN ENGLER, | ) | 4:07CV3204 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENNIS BAKEWELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court has conducted an initial review of the petition for writ of habeas corpus (filing no. 1) to determine whether the claims made by petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made four claims.

Condensed and summarized for clarity, the claims asserted by petitioner are:

Claim One: The petitioner's conviction was obtained by plea of "no contest" which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea *because* the petitioner was misinformed about the terms of the "plea bargain," the length of the possible sentence, and the potential impact of the death of the trial judge on the plea bargain.

Claim Two: The petitioner's conviction was obtained by the use of evidence pursuant to an unlawful arrest *because* the petitioner was not informed of his rights prior to

>or during questioning, the petitioner was "under the influence of alcohol" at the time of questioning, and the petitioner was not permitted to leave or to otherwise end the questioning.

>Claim Three: The petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* the petitioner's counsel did not fully investigate the facts underlying the charges against the petitioner and instead "forc[ed] a plea."

>Claim Four: The petitioner was denied a right to direct appeal *because* counsel did not argue against or appeal summary judgment and did not inform the petitioner of his rights and the time limitations regarding "post conviction" remedies.

Liberally construed, the court preliminarily decides that all the claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

The petitioner requests the appointment of counsel. (Filing No. 4.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S.

984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) In short, there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (filing no 1), the court preliminarily determines that the following claims are potentially cognizable in federal court: Claims One through Four as described in this memorandum.

2. The petitioner's request for the appointment of counsel (filing no. 4) is denied without prejudice to reassertion.

3. The Clerk of the court is directed to mail copies of this memorandum and order and the section 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

4. By November 26, 2007, the respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 26, 2007: deadline for the respondent to file answer or motion for summary judgment.

5. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

A.  The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B.  The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.  Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon the petitioner except that the respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

E.  No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

  F. If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (See the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner.

6. If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

  A. No later than 30 days after the filing of the answer, respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

  B. The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

      C.      Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner except that respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

      D.      No later than 30 days following the filing of respondent's brief, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.

      E.      No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

7.      No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

October 11, 2007.            BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          Chief United States District Judge